1 | DAVIS WRIGHT TREMAINE LLP
2 |   Jacob M. Harper (SBN 259463)
    |   *jacobharper@dwt.com*
3 |   James H. Moon (SBN 268215)
    |   *jamesmoon@dwt.com*
4 |   Sancho Accorsi (SBN 329413)
    |   *sanchoaccorsi@dwt.com*
5 | 865 South Figueroa Street, 24th Floor
6 | Los Angeles, California 90017-2566
  | Telephone:  (213) 633-6800
7 | Fax:  (213) 633-6899

8 | *Attorneys for Defendant*
  | *The Kroger Co.*
9 |

10 |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| SONYA VALENZUELA, individually and on behalf of all others similarly situated, | Case No. _2:22-cv-6382_____ |
|---|---|
| | **DEFENDANT'S NOTICE OF REMOVAL** |
| Plaintiff, | |
| | [From the Superior Court of California, County of Los Angeles, No. 22STCV25119] |
| vs. | |
| THE KROGER CO., an Ohio Corporation; and DOES 1 through 25, inclusive, | Compl. Filed:      August 3, 2022 |
| | Action Removed:  September 7, 2022 |
| Defendants. | |

DEFENDANT'S NOTICE OF REMOVAL

**TO THE CLERK AND TO PLAINTIFF AND HER ATTORNEYS**:

  **PLEASE TAKE NOTICE** that defendant The Kroger Co. hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California. Kroger is entitled to remove this action to federal district court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on the following:

**State Court Action**

  1. On August 3, 2022, plaintiff Sonya Valenzuela commenced a putative class action in the Superior Court of the State of California in and for the County of Los Angeles, captioned *Valenzuela v. The Kroger Co.*, Case No. 22STCV25119 (the State Court Action).  A true and correct copy of the complaint in the State Court Action is attached hereto as **Exhibit 1** (the Complaint).  Ms. Valenzuela served the Complaint on Kroger on August 8, 2022.

  2. In the Complaint, Ms. Valenzuela alleges Kroger surreptitiously recorded and stored customers' interactions with a customer service "chatbot" on Kroger's website, then shared these interactions with a third-party technology vendor.  (Compl. ¶¶ 14–18.)  Ms. Valenzuela characterizes the chatbot as "wiretapping technology," and claims Kroger's use of the chatbot violates the California Invasion of Privacy Act (CIPA), California Penal Code § 631.  (*Id.* ¶ 27.) Ms. Valenzuela brings this claim on behalf of a putative class of "[a]ll persons within California, who (1) within one year of the filing of this Complaint visited Defendant's website, and (2) whose electronic communications were caused to be intercepted, recorded, monitored, and/or shared by Defendant without prior consent." (*Id.* ¶ 19.)  Ms. Valenzuela seeks statutory damages, punitive damages, and injunctive relief, as well as attorneys' fees.  (*Id.* at p. 7.)

  3. In addition to the pleadings and filings mentioned above, all other pleadings, processes, and orders served upon or received by Kroger in the State Court Action or found on the docket in that action are attached hereto.

DEFENDANT'S NOTICE OF REMOVAL

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

a.     The Complaint is attached hereto as **Exhibit 1**;

b.     The Summons is attached hereto as **Exhibit 2**;

c.     The Civil Case Cover Sheet is attached hereto as **Exhibit 3**;

d.     The Notice of Case Assignment is attached hereto as **Exhibit 4**;

e.     The Notice to Plaintiff is attached hereto as **Exhibit 5**; and

f.     A copy of the docket in the State Court Action is attached hereto as **Exhibit 6**.

4.     The State Court Action is removable to this Court because the Court has original jurisdiction and the Central District of California encompasses the location in which the State Court Action is currently pending (*i.e.*, Los Angeles, California). *See* 28 U.S.C. § 1332(d)(2); 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

## <u>The Action Is Removable Under the Class Action Fairness Act, 28 U.S.C. § 1332(d)</u>

5.     This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 (CAFA).  CAFA was enacted based on Congress's concern that "cases involving large sums of money, citizens of many different States, and issues of national concern, have been restricted to State courts even though they have national consequences."  151 Cong. Rec. S1086-01, S1103 (Feb. 8, 2005). CAFA's purpose is to allow "[f]ederal court consideration of interstate cases of national importance . . . ."  28 U.S.C. § 1711, stat. note, subd. (b)(2).

6.     "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

    //

DEFENDANT'S NOTICE OF REMOVAL

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

7.      CAFA extends federal jurisdiction over class actions where:  (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); (2) there are at least 100 members in all proposed plaintiff classes combined; (3) the amount in controversy exceeds $5,000,000; and (4) no exception to jurisdiction applies.  *See* 28 U.S.C. § 1332(d).  As explained below, this case meets each of these requirements.

### *The Minimal Diversity Requirement Is Satisfied*

8.      A putative class action is removable based on diversity jurisdiction if "any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ."  28 U.S.C. § 1332(d)(2)(A).

9.      Ms. Valenzuela is a citizen and resident of California.  (Compl. ¶ 7.)  The putative class Ms. Valenzuela seeks to represent also comprises citizens of California.  (*Id.* ¶ 19.)

10.     Kroger is a corporation incorporated in Ohio and has its principal place of business in Cincinnati, Ohio.  A corporation is a citizen of every state in which it is incorporated and of the state it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  Thus, Kroger is a citizen of Ohio for determining minimal diversity.

11.     Therefore, sufficient (and minimal) diversity of citizenship exists between the relevant parties in this case.

### *Ms. Valenzuela's Proposed Class Exceeds 100 Members*

12.     This action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), which is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . ."

13.     To remove a class action under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100.  28 U.S.C. § 1332(d)(5)(B).

DEFENDANT'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

14.     Ms. Valenzuela seeks to represent a class composed of "[a]ll persons within California, who (1) within one year of the filing of this Complaint visited Defendant's website, and (2) whose electronic communications were caused to be intercepted, recorded, monitored, and/or shared by Defendant without prior consent." (Compl. ¶ 19.)

15.     According to Ms. Valenzuela's Complaint, absent class members number in the tens of thousands, "if not more." (*Id.* ¶ 20.) This exceeds the 100-member threshold.

### *The Amount in Controversy Exceeds $5,000,000*

16.     Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee*, 574 U.S. at 84. To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.* Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

17.     For purposes of removal only, and without conceding Ms. Valenzuela or the putative class are entitled to any damages, remedies, or penalties whatsoever, the aggregated claims of the putative class, as pleaded in the Complaint, exceed the jurisdictional amount of $5,000,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (removing defendant need only show "the potential damages could exceed the jurisdictional amount"); *Woods v. CVS Pharmacy, Inc.*, 2014 U.S. Dist. LEXIS 13339, at *5 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.") (alterations and quotations omitted).

18.     The Complaint seeks statutory damages pursuant to California Penal Code § 631(a), which allows for a fine of $2,500 per CIPA violation. (Compl. at p. 7; *see id.* ¶ 31 (Ms. Valenzuela seeks "statutory damages of at least $2,500.00 per

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

violation").)  Ms. Valenzuela also alleges she "believes the number [of absent class members] to be in the tens of thousands, if not more."  (*Id.* ¶ 20.)  Even assuming each putative class member used the chat box only once, these allegations put at least $25,000,000 in controversy ($2,500 x 10,000 putative class members).  Thus, without conceding that Ms. Valenzuela's alleged measure of damages would be the proper measure of relief for any of her claims, or that she or any putative class member are entitled to any relief, it is reasonably possible Kroger could be liable for statutory damages exceeding $5,000,000.  This alone suffices to meet the CAFA amount in controversy threshold.  *See Aram Adzhikosyan v. AT&T Corp.*, 2021 U.S. Dist. LEXIS 241791, at *9 (C.D. Cal. Dec. 17, 2021) (amount in controversy met where CIPA statutory damages exceeded $5,000,000).

19.    The Complaint also seeks "punitive damages" pursuant to California Civil Code § 3294, which allows for punitive or "exemplary" damages in the case of "oppression, fraud, or malice."  (Compl. at p. 7.)  At least one court has awarded punitive damages pursuant to California Civil Code § 3294 at a rate of $2,500 per CIPA offense.  *See Condon v. Condon*, 2008 U.S. Dist. LEXIS 145224, at *20 (C.D. Cal. June 6, 2008).  This is well within the range of appropriate punitive damages recognized in this Circuit.  *See Guadarrama v. Chadorbaff*, 2018 U.S. Dist. LEXIS 226401, at *28–29 (C.D. Cal. Apr. 30, 2018) ("Although, the appropriate ratio of punitive to compensatory damages will vary from case to case, many courts in the Ninth Circuit have found a ratio of three to one appropriate.") (citations omitted).  Thus, without conceding that Ms. Valenzuela's alleged measure of damages would be the proper measure of relief for any of her claims, or that she or any putative class member are entitled to any relief, it is reasonably possible Kroger could be liable for punitive damages exceeding $5,000,000.

20.    The Complaint also seeks attorneys' fees.  (Compl. at p. 7.)  In the Ninth Circuit, the amount in controversy includes likely attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998).  A removing

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

defendant can establish the likely attorneys' fees by identifying cases in which plaintiff's counsel has requested similar fees. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020) ("Based on [defendant's] evidence that [plaintiff's] attorney sought 35 percent in a similar case, it is reasonable to assume that [plaintiff's] attorney would seek fees equal to 25 percent of the amount in controversy if he were to prevail."). Ms. Valenzuela's attorneys sought attorneys' fees equal to 25 percent of the common fund in another consumer class action alleging California statutory violations. *See Kissel v. Code 42 Software Inc.*, 2018 U.S. Dist. LEXIS 221591, at *13 (C.D. Cal. Feb. 20, 2018) (awarding 25 percent of settlement fund in consumer class action challenging automatic renewal policy). This comports with the Ninth Circuit benchmark. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (in class actions producing a common fund, "courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award"). Accordingly, the amount in controversy here includes attorneys' fees in the amount of 25 percent of the possible common fund. Because it is reasonably possible a theoretical common fund will exceed $10,000,000 (statutory and punitive damages), attorneys' fees would amount to at least $2,500,000.

21.     In sum, based on Ms. Valenzuela's pleaded assertions and theories of recovery, the amount in controversy exceeds $5,000,000.

### *Exceptions to Jurisdiction Do Not Apply*

22.     The complete diversity between Ms. Valenzuela and Kroger not only satisfies the minimal diversity requirements under CAFA, but also precludes the "local controversy" and "home state" exceptions in 28 U.S.C. § 1332(d)(3) & (d)(4), exceptions for which Ms. Valenzuela would bear the burden of proof in any event.

//

//

DEFENDANT'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## **Kroger Satisfies the Requirements of 28 U.S.C. § 1446**

23. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1446(a).

24. This Notice of Removal has been filed within 30 days of service of the Complaint on Kroger, from which it was first ascertainable this case was removable pursuant to CAFA.  *See* 28 U.S.C § 1446(b)(2)(3).

25. Concurrently with the filing of this Notice, Kroger is giving written notice to all adverse parties and is filing a copy of this Notice with the clerk of the Superior Court of the State of California in and for the County of Los Angeles.  *See* 28 U.S.C. § 1446(d).

26. Kroger does not waive and expressly preserves all objections, defenses, and exceptions authorized by law, including but not limited to those permitted pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Kroger removes the State Court Action to this Court.

DATED: September 7, 2022

DAVIS WRIGHT TREMAINE LLP

By: /s/ Jacob M. Harper
Jacob M. Harper

*Attorneys for Defendant*
*The Kroger Co.*

7

DEFENDANT'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899