**DAVIS WRIGHT TREMAINE LLP**
  Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
  James H. Moon (SBN 268215)
  *jamesmoon@dwt.com*
  Sancho Accorsi (SBN 329413)
  *sanchoaccorsi@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, CA 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant*
*The Kroger Co.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA VALENZUELA individually and on behalf all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE KROGER CO., an Ohio Corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:22-cv-6382-DMG-AGR<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Proposed Order Filed Concurrently*]<br><br>Date:     December 16, 2022<br>Time:    9:30 a.m.<br>Dept.:    8C<br><br>Action Filed: August 3, 2022 |

MOTION TO DISMISS COMPLAINT

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 16, 2022, at 9:30 a.m., in Courtroom 8C of the above-captioned Court, located at the United States Courthouse, 350 West 1st Street, Los Angeles, California, 90012, defendant The Kroger Co. will and hereby does move the Court for an order dismissing with prejudice the complaint of plaintiff Sonya Valenzuela pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is made on the grounds that Ms. Valenzuela's lone claim against Kroger pursuant to California's Invasion of Privacy Act (CIPA), Cal. Pen. Code § 631, fails as a matter of law. This *wiretapping* statute, which applies only to a third-party's eavesdropping upon a conversation between others, does not apply to the online conversation initiated by Ms. Valenzuela on Kroger's website. Kroger, as one of the conversing parties, cannot eavesdrop on its own conversation.

This motion is based on this notice and motion, the attached memorandum, all pleadings, records, and files in this action, and such evidence and argument as may be presented at or before the hearing on this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on September 7, 2022.

Dated:  November 10, 2022          DAVIS WRIGHT TREMAINE LLP

                                   By: /s/ Jacob M. Harper
                                       Jacob M. Harper

                                   *Attorneys for Defendant The Kroger Co.*

MOTION TO DISMISS COMPLAINT

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ..............................................................................................1

II.  FACTUAL ALLEGATIONS..........................................................................3

III. STANDARD OF REVIEW..............................................................................4

IV.  THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE..........5

    A.   Kroger Could Not Eavesdrop on Its Own Conversation. .....................6

    B.   Ms. Valenzuela's Messages Were Not Intercepted in Transit.............8

V.   CONCLUSION ..............................................................................................12

MOTION TO DISMISS COMPLAINT

i

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................... 4, 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................... 4

*Cahill v. Liberty Mut. Ins. Co.*,
  80 F.3d 336 (9th Cir. 1996) ............................................................................... 5

*Cline v. Reetz-Laiolo*,
  329 F. Supp. 3d 1000 (N.D. Cal. 2018) ............................................................. 8

*Graham v. Noom, Inc.*,
  533 F. Supp. 3d 823 (N.D. Cal. 2021) ...................................................... 6, 7, 8

*In re Vizio, Inc. Consumer Priv. Litig.*,
  238 F. Supp. 3d 1204 (C.D. Cal. 2017) ............................................................. 9

*Javier v. Assurance IQ, LLC*,
  2022 WL 1744107 (9th Cir. May 31, 2022) .................................................... 10

*Konop v. Hawaiian Airlines, Inc.*,
  302 F.3d 868 (9th Cir. 2002) ....................................................................... 8, 11

*Mastel v. Miniclip SA*,
  549 F.Supp.3d 1129 ........................................................................................... 9

*Membrila v. Receivables Performance Mgmt., LLC*,
  2020 WL 1407274 (S.D. Cal. April 6, 2010) ..................................................... 6

*Mireskandari v. Mail*,
  2013 WL 12129559 (C.D. Cal. Jul. 30, 2013) ............................................. 9, 11

*Nat-Immunogenics Corp. v. Newport Trial Grp.*,
  2018 WL 6136146 (C.D. Cal) ........................................................................... 2

*NovelPoster v. Javitch Canfield Group*,
  140 F. Supp. 3d 938 (N.D. Cal. 2014) ........................................................... 8, 9

ii

MOTION TO DISMISS COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Powell v. Union Pac. R. Co.*,
  864 F. Supp. 2d 949 (E.D. Cal. 2012) ................................................................. 6

*Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*,
  759 F. Supp. 417 (S.D.N.Y. 2010) ..................................................................... 11

*Revitch v. New Moosejaw, LLC*,
  2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) ...................................................... 8

*Rodriguez v. Google LLC*,
  2022 WL 214552 (N.D. Cal. Jan. 25, 2022) ....................................................... 11

*Rogers v. Ulrich*,
  52 Cal. App. 3d 894 (1975) ....................................................................... 6, 7, 10

*Rosenow v. Facebook, Inc.*,
  2020 WL 1984062 (S.D. Cal. Apr. 27, 2020) ...................................................... 9

*Shayler v. 1310 PCH, LLC*,
  2022 WL 13743415 (9th Cir. Oct. 24, 2022) ....................................................... 2

*Somers v. Apple, Inc.*,
  729 F.3d 953 (9th Cir. 2013) ................................................................................ 5

*Warden v. Kahn*,
  99 Cal. App. 3d 805 (1979) ......................................................................... 1, 6, 7

**Statutes**

Cal. Civ. Code
  §§ 1798.100-196 ................................................................................................... 5
  § 1798.115 ............................................................................................................ 5
  § 1798.140(d)(5) ................................................................................................... 5

Cal. Penal Code
  § 630 ..................................................................................................................... 6
  § 631 ............................................................................................................*passim*
  § 631(a) ........................................................................................................*passim*
  § 632 ..................................................................................................................... 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Over 40 years ago, the California Court of Appeal held the wiretapping restrictions of Penal Code § 631 "apply *only* to eavesdropping by a third party and not to recording by a participant to a conversation." *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979) (emphasis added). Yet, on August 3, 2022, plaintiff Sonya Valenzuela initiated this class action against defendant The Kroger Co. for violation of Section 631 based on Kroger's alleged recording of an online conversation she started with Kroger on Kroger's website. The claim is as much a non-sequitur as it was half a century ago, no matter the technology allegedly used by a participant to record the two-way conversation.

This case was not filed for its merit. Ms. Valenzuela and her counsel, Scott Ferrell, filed at least ten nearly identical complaints.[1] Mr. Ferrell has also filed at least 32 other virtually identical complaints through other named plaintiffs.[2] In

---

[1] *See Valenzuela v. Aflac, Inc.*, No. 2:22-cv-06438 (Garnett, J.) (C.D. Cal.); *Valenzuela v. AIG Direct Ins. Servs., Inc.*, No. 5:22-cv-01561 (Sykes, J.) (C.D. Cal.); *Valenzuela v. M.A.C. Cosmetics*, No. 5:22-cv-01360 (Bernal, J.) (C.D. Cal.); *Valenzuela v. Michael Kors*, No. 2:22-cv-05902 (Garnett, J.) (C.D. Cal.); *Valenzuela v. Nationwide Mut. Ins. Co.*, No. 2:22-cv-06177 (Frimpong, J.) (C.D. Cal.); *Valenzuela v. Under Armour, Inc.*, No. 22STCV24206 (Nelson, J.) (C.D. Cal.); *Valenzuela v. BJ's Wholesale Club, Inc.*, No. 2:22-cv-06378 (Gee, J.) (C.D. Cal); *Valenzuela v. Kapersky Lab., Inc.*, No. 22STCV26119 (Kuhl, J.) (Cal. Super. Ct.); *Valenzuela v. Massage Envy Franchising LLC*, No. 2:22-cv-05817 (Fischer, J.) (C.D. Cal); *Valenzuela v. Papa Murphy's Int'l, LLC*, No. 5:22:cv-01789 (Sykes, J.) (C.D. Cal.).

[2] *See Licea v. The Talbots, Inc.* (Cal. Super. Ct.); *Byars v. The Goodyear Tire & Rubber Co.* (C.D. Cal.); *Byars v. Rite Aid Corp.* (C.D. Cal.); *Licea v. Old Navy, LLC* (C.D. Cal.); *Cody v. Promises Behavioral Health, LLC* (C.D. Cal.); *Byars v. Sterling Jewelers, Inc.* (C.D. Cal.); *Cody v. Athletic Propulsion Labs LLC* (C.D. Cal.); *Licea v. GameStop, Inc.* (C.D. Cal.); *Cody v. Tiffany & Co.* (C.D. Cal.); *Cody v. Columbia Sportswear Co.* (C.D. Cal.); *Cody v. Warby Parker, Inc.* (C.D. Cal.); *Byars v. Hot Topic, Inc.* (C.D. Cal.); *Licea v. Am. Eagle Outfitters, Inc.* (C.D. Cal.); *Licea v. UNIQLO USA LLC* (S.D. Cal.); *Licea v. Logitech Inc.*

each case, Ms. Valenzuela alleges the same theory of illegal "wiretapping" based on a voluntary conversation she initiated on the defendant's public website.

The Ninth Circuit recently criticized serial litigants in other contexts (such as the proliferation of drive-by American Disabilities Act lawsuits) for using the courts to extort businesses with a "wave of 'get-money-quick' lawsuits." *Shayler v. 1310 PCH, LLC*, 2022 WL 13743415, at *3 (9th Cir. Oct. 24, 2022). A "hallmark of [such] abusive [] litigation is the use of form complaints containing a multitude of boilerplate allegations of varying merit." *Id.* at *5. Here, Ms. Valenzuela and Mr. Ferrell's form complaints are indistinguishable and were broadly filed against any business entity that provides chat features for customer service on its website. Each complaint is filed based on "the hope of intimidating the defendant into an early settlement" based on the threat of costly litigation. *Id.*

Mr. Ferrell's prior litigation schemes—under Section 632 of California's Invasion of Privacy Act (CIPA)—gave rise to a multi-year RICO lawsuit alleging Mr. Ferrell and his firm bribed individuals to act as staged plaintiffs, calling business and feigning ignorance that the call would be recorded. *Nat-Immunogenics Corp. v. Newport Trial Grp.*, 2018 WL 6136146 (C.D. Cal) (alleging that Ferrell has "designed, initiated, and pursued fabricated and fraudulent legal claims in state and federal court."). He has now inundated the Court with class action lawsuits under Section 631 of CIPA against businesses that offered chat functionality on its websites.

---

(S.D. Cal.); *Esparza v. Dickeys BBQ Pit Inc.* (S.D. Cal.); *Licea v. Bath and Body Works Direct Inc.* (S.D. Cal.); *Esparza v. Minted, LLC* (S.D. Cal.); *Esparza v. Minted, LLC* (S.D. Cal.); *Licea v. Wolverine World Wide, Inc.* (S.D. Cal.); *Licea v. Caraway Home Inc.* (C.D. Cal.); *Licea v. Genesco, Inc.* (S.D. Cal.); *Byars v. Casper Sleep Inc.* (C.D. Cal.); *Licea v. BJ Acquisition LLC* (S.D. Cal.); *Licea v. Payless Shoesource Worldwide, LLC* (S.D. Cal.); *Licea v. Overstock.com, Inc.* (S.D. Cal.); *Licea v. Luxottica of Am. Inc.* (C.D. Cal.); *Martin v. Sephora USA, Inc.* (E.D. Cal.); *Martin v. Lovisa America, LLC* (E.D. Cal.); *Licea v. Tommy Hilfiger USA Inc.* (Cal. Super. Ct.); *Licea v. Chewy, Inc.* (Cal. Super. Ct.).

2
MOTION TO DISMISS COMPLAINT
DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Section 631 of CIPA prohibits a person from "intentionally tap[ping], or mak[ing] any unauthorized connection" to intercept communications "while in transit." Cal. Pen. Code § 631(a). Ms. Valenzuela and Mr. Ferrell's theory is that Kroger tapped communications Ms. Valenzuela initiated with Kroger's customer service chat tool on Kroger's website. Kroger's website, www.kroger.com (the Website), provides nothing more than a standard automated chat feature for customer service inquiries (the Chatbot), like those regularly found on consumer-facing e-commerce websites. Ms. Valenzuela's allegations are insufficient to establish a claim under Section 631 because the statute is wholly inapplicable to the voluntary online conversation at issue.

*First,* Ms. Valenzuela fails to state a claim under Section 631 because the communications in the Chatbot tool were between her and Kroger. As a matter of law and common sense, Kroger could not have wiretapped or eavesdropped on its own conversation with Ms. Valenzuela. Ms. Valenzuela cannot provide any reasonable justification to depart from the well-established principle that Section 631 does not apply to a party to the communication.

*Second*, Ms. Valenzuela also does not and cannot allege that her communications to Kroger were intercepted at any time, let alone while "in transit" between the parties. Kroger only received Ms. Valenzuela's communication when it "arrived" at its intended end point. The purported recording of a conversation after it is received is not wiretapping.

Based on these irremediable legal deficiencies with Ms. Valenzuela's sole claim under the CIPA, Kroger respectfully requests that the Court dismiss Ms. Valenzuela's claims with prejudice.

**II.    FACTUAL ALLEGATIONS**

Customers visiting Kroger's Website are able to access customer service information by communicating with an automated Chatbot, which provides customers with access to information they may request. (Compl. ¶ 14.) Ms.

Valenzuela alleges that within the past year, she visited the Website and communicated with the customer service tool provided as a Chatbot on the Website. (*Id.*) Ms. Valenzuela does not allege what she shared but states that she communicated with "someone [Ms. Valenzuela] believed was a customer service representative" through the Chatbot tool. (*Id.*)

Ms. Valenzuela further alleges that Kroger "shares the wiretapped communications with the third-party providers [who created the 'chatbot' and 'replay' technology] for both storage and data harvesting purposes." (*Id.* ¶ 15.) The complaint alleges Kroger "did not seek [Ms. Valenzuela] or the Class Members' consent to monitoring, recording, and sharing the electronic communications with the Website" and that "[Ms. Valenzuela] and Class Members did not know at the time of the communications that Defendant was secretly intercepting, monitoring, recording, and sharing the electronic communications." (*Id.* ¶¶ 17, 18.)

Ms. Valenzuela filed her complaint on August 3, 2022, on behalf of a putative nationwide class. (ECF No. 1-1.) She alleges that Kroger, through its Chatbot customer service tool, "intentionally caused the internet communication between [Ms. Valenzuela] and Class Members with Defendant's website to be tapped and recorded" in violation of the CIPA. (Compl. ¶ 29.)

### III. STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss, a complaint must state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim for relief requires "factual content that allows the court to draw the reasonable inference that the defendant is responsible for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. Courts may properly dismiss if the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Dismissal should be with prejudice where amendment would be futile in curing a complaint's legal deficiencies. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## IV. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

The CIPA, on which Ms. Valenzuela brings this claim, was enacted in 1967 to address telephone wiretap issues rampant at the time.[3] Section 631 of the CIPA applies where a person (1) "intentionally taps, or makes any unauthorized connection" with a "telegraph or telephone wire, line, cable, or instrument," or (2) willfully attempts to "learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable," or (3) "attempts to use" the "information so obtained." Cal. Pen. Code § 631(a). As explained below, Ms. Valenzuela's CIPA claim fails as a matter of law because (A) Section 631 applies only to third parties "eavesdropping" on private conversations; and (B) Kroger could not intercept communications directed at it while "in transit."

---

[3] In contrast, the more recently enacted California Consumer Privacy Act (CCPA), Cal. Civ. Code §§ 1798.100-1798.196, broadly governs consumer privacy in online contexts. The CCPA directly speaks to the online privacy concerns of consumers, including establishing additional obligations upon businesses when working with service providers. The CCPA does not prohibit disclosing consumers' personal information but instead gives the consumer the right to request information about the disclosure. Cal. Civ. Code § 1798.115. As relevant to this case, the statute explains that "providing customer service" is a valid "business purpose" as defined in Cal. Civ. Code § 1798.140(d)(5). Ms. Valenzuela did not bring a claim under the CCPA. Rather, Ms. Valenzuela seek to expand the scope of the CIPA beyond its intent.

MOTION TO DISMISS COMPLAINT 5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### A.  Kroger Could Not Eavesdrop on Its Own Conversation.

As explained by the California legislature, CIPA was designed to remedy the use of technology "for the purpose of eavesdropping upon private communications." Cal. Penal Code § 630. Ms. Valenzuela claims that Kroger's purported recording of chat conversations on its own website "amount[ed] to the digital equivalent of both looking over a consumer's shoulder and eavesdropping on a consumer's conversation." (Compl. ¶ 13.) But eavesdropping is not synonymous with recording; eavesdropping is defined as "[t]he act of secretly listening to the private conversation *of others* without their consent." Black's Law Dictionary (11th ed. 2019) (emphasis added).

***As held nearly half a century ago, Section 631 "has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation."*** *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979) (emphasis added). Parties to the call "cannot be held liable as a matter of law" under Section 631, *Powell v. Union Pac. R. Co.*, 864 F. Supp. 2d 949, 954 (E.D. Cal. 2012), because "[i]t is never secret to one party to a conversation that the other party is listening to the conversation," *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 899 (1975); *see also Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 831 (N.D. Cal. 2021) ("Under section 631(a), if a person secretly listens to another's conversation, the person is liable. Only a third party can listen to a conversation secretly.").

Ms. Valenzuela's allegations are limited only to one conversation she initiated with Kroger on its own Website that Kroger purportedly saved. (Compl. ¶ 14.) Her claim against a party to the purportedly communication fails as a result of the "settled nature of the third-party focus of [S]ection 631." *Powell*, 864 F. Supp. 2d at 955 (dismissing claim against a party to the communication). A conversation is not private or secret from a participant in that conversation, and Section 631 applies "only to eavesdropping by a third party and not to recording by a participant to a conversation." *Membrila v. Receivables Performance Mgmt.*,

*LLC*, 2020 WL 1407274 at *2 (S.D. Cal. April 6, 2010) (finding that a party to a conversation could not have eavesdropped or intercepted communications because only a third party listening secretly to a private conversation can do so).

As a general matter, "a party to a communication can record it (and is not eavesdropping when it does)." *Graham*, 533 F. Supp. 3d at 831. This specific question of "whether the statute covers the recording of a conversation made by a participant rather than a third party" was addressed in *Rogers v. Urlich*, 52 Cal. App. 3d 894, 898 (1975). In *Rogers*, the defendant had installed onto his telephone a tape recorder jack, which did not have a "beeper" to announce recording and which the defendant used to "record the conversations, and then relay parts" to local radio stations to be broadcast. *Id.* at 897. Relying on the dictionary definition of eavesdropping and the legislative intent, the court found that "participant recording was not meant to be included" in the scope of Section 631 and affirmed the dismissal of the plaintiff's claim. *Id.* at 898. To the extent there is any purported ambiguity in this penal statute (there isn't any), it should be construed in Kroger's favor. *See Warden*, 99 Cal. App. 3d at 811 n.3 ("Since we are dealing with a penal statute [in Section 631], language so ambiguous should be interpreted in favor of the alleged violator.") (collecting cases).

Indeed, even if Ms. Valenzuela had alleged that Kroger's Chatbot service provider was a "third party" acting unlawfully in this case (which she does not), courts have rejected imposing Section 631 liability in that scenario as well. In *Graham*, the court dismissed a claim involving the same kind of "recording" software, which captured personally identifiable information including medical history, height, weight, diet, and exercise habits. The court in *Graham*, considering whether the licensor was a "third party" to the conversation, distinguished between software services that use an "aggregation of data for resale" and services that "provide a tool" as "an extension of [the business] itself" for business purposes. 533 F. Supp. 3d at 823. As the court said in *Graham*, there

MOTION TO DISMISS COMPLAINT

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

are "no allegations here that [the service provider] intercepted and used the data itself" and, as a result, the service provider is "not a third party eavesdropper." *Id*. at 822-23; *see also Revitch v. New Moosejaw, LLC,* 2019 WL 5485330, at \*2 (N.D. Cal. Oct. 23, 2019) (defendant could not have "violate[d] the statute by creating a record of [Plaintiff's and its own] communications and then later transmitting that record to" third parties").

Irrespective of these well-settled principles, Ms. Valenzuela brings this claim against the target participant of her initiated conversation. That claim fails as a result. Kroger's connection to communications through the Chatbot cannot be "unauthorized" as required by the statute because such authorization would come from Kroger itself. As a party to the conversation, Kroger cannot eavesdrop and may record conversation that Ms. Valenzuela initiates with Kroger. Ms. Valenzuela fails to allege eavesdropping on her communications with Kroger.

### B. Ms. Valenzuela's Messages Were Not Intercepted in Transit.

Section 631(a)'s second clause requires a plaintiff to allege that the defendant "willfully and without the consent of all parties to the communication, or in any unauthorized manner, read[], or attempt[ed] to read, or to learn the contents or meaning of any message, report, or communication while the same [was] ***in transit*** or passing over any wire, line, or cable, or [was] being sent from, or received at any place within this state." Cal. Penal Code § 631(a) (emphasis added). For Kroger to intercept the communication from Ms. Valenzuela, Kroger would have to "stop, seize, or interrupt in progress or course before arrival." *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002).[4] It would be

---

[4] The court in *Konop* interpreted the federal Wiretap Act of 1968, which courts consider analogous to CIPA. "The analysis for a violation of CIPA is the same as that under the federal Wiretap Act." *Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1051 (N.D. Cal. 2018); *see also NovelPoster v. Javitch Canfield Group*, 140 F. Supp. 3d 938, 953 (N.D. Cal. 2014) ("Based on the pleadings, because

MOTION TO DISMISS COMPLAINT

8

impossible for Kroger to do so based on the alleged facts of this case because Kroger only received Ms. Valenzuela's communication after it "arrived" at its final destination (i.e., to Kroger).

Ms. Valenzuela attempts to plead around this issue by alleging that "Defendant simultaneously records and stores the entire conversation using secretly embedded wiretapping technology." (Compl. ¶ 12.) As courts have repeatedly held, this type of conclusory allegation is insufficient to state a claim under Section 631. *See In re Vizio, Inc. Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1228 (C.D. Cal. 2017) (dismissing wiretap claim because the "conclusory allegation that Vizio intercepted their electronic communications 'during transmission'" was only supported by "vague allegations about how Vizio's data collection occurs in real-time."); *Rosenow v. Facebook, Inc.*, 2020 WL 1984062, at *7 (S.D. Cal. Apr. 27, 2020) (dismissing federal wiretap claim where allegations of communications intercepted "in transit" were "conclusory"); *Mastel v. Miniclip SA*, 549 F.Supp.3d 1129, 1136 (finding that California courts have "noted that the second clause only imputes liability" when the defendant intercepts communication in transit); *Mireskandari v. Mail*, 2013 WL 12129559, at 10 n.44 (C.D. Cal. Jul. 30, 2013) (finding that plaintiff had failed to plausibly allege claim under second clause of CIPA because complaint failed to plausibly allege defendant "intercepted any electronic communication while it was in transit; at most, he alleges the illegal disclosure of data [defendant] held in storage"); *NovelPoster v. Javitch Canfield Group*, 140 F. Supp. 3d 938, 953 (N.D. Cal. 2014) (granting a motion for judgment on the pleadings where defendants accessed stored communications because "nowhere does the Complaint allege that the defendants "intercepted" any "electronic communication" under the Wiretap Act).

---

NovelPoster is unable to allege a violation of the Wiretap Act, it is also unable to allege a violation of CIPA.")

MOTION TO DISMISS COMPLAINT 9

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

As discussed above, Kroger, as a party to the conversation, can record the communications without eavesdropping. A recording by a party to the conversation "does not intercept the message while it is in transit; the recording rather transcribes the message as it is being received." *Rogers*, 52 Cal. App. 3d at 898. Whether Kroger records communication after the fact or simultaneous to the conversation has no relevance because in neither scenario is Kroger, as a party to the conversation, violating Section 631.

Ms. Valenzuela relies on *Javier v. Assurance IQ, LLC*, a recent Ninth Circuit decision applying Section 631 to electronic communications. 2022 WL 1744107 (9th Cir. May 31, 2022). (Compl. ¶ 26.) The court in *Javier* considered a fact-specific question of retroactive consent where a customer had completed an insurance quote request. *Id.* at *1. Here, Ms. Valenzuela initiated a two-way conversation with customer service on Kroger's website. (Compl. ¶ 14). In contrast to an individual submitting a form for later review, as in *Javier*, when Ms. Valenzuela used the Chatbot tool to exchange communication directly with Kroger, she knew Kroger was party to that exchange. Ms. Valenzuela's complaint attempts to inappropriately expand the holding in *Javier* and the scope of CIPA to conform to conclusory allegations arising out of a conversation she initiated. It fails because it merely recites the elements of a claim under Section 631 without any particular, plausible facts in support of that claim.

Ms. Valenzuela's claim requires that *a third party* intercept the communications *while in transit*. The complaint fails to identify a time between Ms. Valenzuela sending and Kroger receiving a communication and alleges only that Defendant "shares the wiretapped communications with the third party providers" who license the software "for both storage and data harvesting purposes." (Compl. ¶ 15.) Ms. Valenzuela identifies the software providers as third parties but does not assert that they were accessing the communication in real time; rather, she alleges that Kroger shared the stored communications. (Compl.

MOTION TO DISMISS COMPLAINT

10

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

¶ 15.) Courts distinguish between disclosure of stored data and interceptions of communications while in transit. *See Mireskandari v. Mail*, 2013 WL 12129559, *10, n.44 (C.D. Cal. July 30, 2013) (finding that plaintiff failed to state a claim under Section 631(a) without sufficient allegations of interception while in transit). For a communication "to be 'intercepted' in violation of the Wiretap Act, it must be acquired during transmission, not while it is in electronic storage." *Konop*, 302 F. 3d at 878.

      The complaint alleges, at best, that Kroger misused the recorded communication by sharing communications with third-party providers. Such conduct is not "intercepting" communications, regardless of how many times the complaint uses the word: "[U]sing the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible" that Kroger is intercepting her data in transit. *Rodriguez v. Google LLC*, 2022 WL 214552 at *2 (N.D. Cal. Jan. 25, 2022) (dismissing claim under Section 631 where complaint, despite using some form of the word "between 69 and 86 times," describes defendant's process as "misuse of recording, not interception" and therefore "does nothing to plead any plausible claim of interception."); *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 759 F. Supp. 417, 431 (S.D.N.Y. 2010) ("[E]lectric communications cannot be intercepted for purposes of the [Wiretap Act] after they have been delivered."). There is no Section 631 claim based on allegations that a plaintiff is essentially logging and then transmitting communications to which it is a party.

      As courts have consistently held, there is no Section 631 claim available under Ms. Valenzuela's theory, which conflates interception and delivery. Her claims fail for this additional reason.

## V. CONCLUSION

The Court should dismiss Ms. Valenzuela's complaint. Because the legal deficiencies cannot be remediated, dismissal should be with prejudice.

Dated: November 10, 2022

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper
James H. Moon
Sancho Accorsi

By: /s/ Jacob M. Harper
  Jacob M. Harper

*Attorneys for Defendant The Kroger Co.*

MOTION TO DISMISS COMPLAINT 12

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899