UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-6382-DMG (AGRx)** | Date | June 23, 2023 |
|---|---|---|---|
| Title | ***Sonya Valenzuela v. The Kroger Co.*** | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: [IN CHAMBERS] ORDER GRANTING MOTION TO DISMISS [14]**

     Plaintiff Sonya Valenzuela brings this proposed class action against The Kroger Co., asserting that Kroger violated California's wiretapping statute, California Penal Code § 631, by surreptitiously recording the input of visitors to the Kroger website. For the reasons discussed below, the Court **GRANTS** Kroger's motion to dismiss [Doc. # 14] and dismisses Valenzuela's claim with leave to amend.

### I. LEGAL STANDARD

     A defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Such a dismissal is appropriate if the plaintiff fails to present a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

     In evaluating the sufficiency of a complaint, courts must accept all factual allegations (but not legal conclusions) as true. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Should a court dismiss certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)); *see* Fed. R. Civ. P. 15(a)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-6382-DMG (AGRx) | Date | June 23, 2023 |
|---|---|---|---|
| Title | *Sonya Valenzuela v. The Kroger Co.* | Page | 2 of 4 |

## II.  DISCUSSION

Valenzuela alleges that at some time during the year before she filed her complaint, she visited the Kroger website and communicated with a chatbot that she believed was a customer service representative. Complaint ¶ 14 [Doc. # 1-1]. She alleges that Kroger not only records and stores such conversations with the chatbot but surreptitiously records every aspect of a visitor's interaction with the website, including keystrokes, mouse clicks, and data entry. Complaint ¶¶ 12, 14. Kroger allegedly shares the communications "with the third party providers for both data storage and data harvesting purposes." Complaint ¶ 15.

The sole cause of action in the Complaint is for violation of Section 631. That statute applies to—

> [a]ny person who, by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section[.]

Cal. Penal Code § 631(a). The Supreme Court of California has distilled "three distinct and mutually independent patterns of conduct" in this subsection: "intentional wiretapping, wilfully attempting to learn the contents or meaning of a communication in transit over a wire, and attempting to use or communicate information obtained as a result of engaging in either of the previous two activities." *Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192 (1978).

It is settled California law, however, that recording by a *participant* to the conversation does not run afoul of Section 631(a), which penalizes recording by a *third party*. *See Ribas v. Clark*, 38 Cal. 3d 355, 359 (1985); *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979); *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 899 (1975). This rule applies regardless of which of the three patterns of conduct prohibited by Section 631 is asserted. *See, e.g., Cody v. Boscov's, Inc.*, __ F. Supp. 3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-6382-DMG (AGRx) | Date | June 23, 2023 |
|---|---|---|---|
| Title | *Sonya Valenzuela v. The Kroger Co.* | Page | 3 of 4 |

___, No. 8:22-CV-01434-SSS (KKx), 2023 WL 2338302, at *2 (C.D. Cal. Mar. 2, 2023) (dismissing intentional wiretapping claim under Section 631(a) based on this rule).

Valenzuela has not shown that this well-settled principle is inapplicable here.[1] She takes issue with the holding in *Rogers*, but the Court will not disregard published authority from the California appellate courts directly on point. *See Hayes v. Cnty. of S.D.*, 658 F.3d 867, 870 (9th Cir. 2011). Accordingly, her claims that Kroger is liable for recording its interactions with her on the website are subject to dismissal.[2]

Valenzuela alternatively argues that even if Kroger is not liable as a third-party eavesdropper, it is liable for employing the services of a third-party eavesdropper—*i.e.*, the creator of the recording software and chatbot. Opp. at 22 [Doc. # 15][3]; *see also* Complaint ¶ 15 (alleging that third-party providers license chatbot and replay technology to Kroger, which shares the wiretapped communications with the third-party providers for storage and data harvesting purposes). Although Kroger cannot be liable for recording its own conversations, Section 631(a) imposes liability if Kroger aided in or employed a third party to violate Section 631(a).

By way of comparison, in *Saleh v. Nike, Inc.*, a court in this District found that a plaintiff alleged a viable claim of derivative liability under Section 631(a) where the third-party recorded interactions on Nike's website in real time, transmitting the information to the third-party's servers every few seconds. *See* 562 F. Supp. 3d 503, 519 –21(C.D. Cal. 2021) (plaintiff alleged that Nike voluntarily embedded the software code on its website). Valenzuela's allegations in this regard are scant, but she alleges that *Kroger* (not the third-parties, whom she does not identify) records and stores the conversation using licensed technology created by others. Complaint ¶¶ 14–15; *see Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832 (N.D. Cal. 2021) (allegations that a web

---

[1] Valenzuela cites *People v. Conklin*, 12 Cal. 3d 259, 270 (1974), as support for her argument that Section 631(a) contains no direct party exception, but the portion of the case that she cites concerns the number of parties to a conversation who must consent to obviate wiretapping liability and is inapposite here. Valenzuela's discussion of the number of parties whose consent is required does not address the issue of whether Section 631 can be violated by a party to the conversation. *See* Opp. at 16–17. *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183 (2021), also cited by Valenzuela, discusses a different statute, Cal. Penal Code § 632.7(a), and is therefore inapposite. The Court has additionally reviewed the parties' extensive filings of supplemental authority in support of their positions. [*See* Doc. ## 18–19, 21–33.]

[2] Her claim of intentional wiretapping is also subject to dismissal because the prohibition against intentional wiretapping—the first of three types of prohibited conduct in the statute—applies only to telephone communications. *See, e.g.*, *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 825 (N.D. Cal. 2020) (discussing the plain language of Section 631(a)).

[3] Citations to the record are to the CM/ECF pagination.

---

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-6382-DMG (AGRx) | Date | June 23, 2023 |
|---|---|---|---|
| Title | *Sonya Valenzuela v. The Kroger Co.* | Page | 4 of 4 |

application used a vendor's recording technology like a "tape recorder" to record website traffic did not violate Section 631(a)). And although Valenzuela asserts that Kroger shares these communications with the third-party providers "for both storage and data harvesting purposes" (Complaint ¶ 15), these allegations do not give rise to a plausible claim. *See Rogers*, 52 Cal. App. 4th at 896 (allegations that a participant tape recorded a conversation then shared that recording after the fact with third-persons did not violate Section 631(a)); *see also Graham*, 533 F. Supp. 3d at 833 (no Section 631(a) violation where third-party collected data on servers, storing it for clients' use).

Because it is uncertain whether additional allegations could cure the deficiency identified above, the Court **GRANTS** the motion to dismiss, with leave to amend.

### III.  CONCLUSION

In light of the foregoing, the motion to dismiss [14] is **GRANTED, WITH LEAVE TO AMEND**. Plaintiff shall file her amended complaint, or notify the Court and Defendant Kroger that she does not intend to amend, by **July 14, 2023**. Defendant's response shall be filed within 21 days after the filing of the amended complaint.

**IT IS SO ORDERED**.